[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10371
Non-Argument Calendar

_____

D. C. Docket No. 03-00168-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK THOMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(June 27, 2007)**

Before BLACK, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Patrick Thompson appeals his two 480-month sentences for conspiracy to

possess with intent to distribute cocaine and crack cocaine, 21 U.S.C. §§ 841(a)(1), 846, and possession with intent to distribute cocaine and crack cocaine, 21 U.S.C. § 841(a)(1), as well as his concurrent 240-month sentence for obstruction of justice, 18 U.S.C. § 1512(c)(1), which were imposed upon resentencing. After review, we affirm.

## I. BACKGROUND

Acting on a tip from a confidential informant, police detained and then arrested Thompson at a motel in Mobile, Alabama. A search of the motel room uncovered 1.5 kilograms of cocaine and 217 grams of crack cocaine and a receipt in Thompson's name for a storage unit in Massachusetts. While in custody, Thompson asked a woman named Tanya Lee to go to the storage unit in Massachusetts to remove evidence. Lee complied and removed a suitcase that she said contained a gun, money and crack cocaine. Thompson was tried and convicted on charges of drug trafficking and obstruction of justice.

In a prior appeal, this Court vacated Thompson's sentences, concluding that the district court committed constitutional Booker[1] error when it applied a firearm enhancement to Thompson's sentence, pursuant to U.S.S.G. § 2D1.1(b)(1), under a mandatory guidelines scheme. See United States v. Thompson, No. 04-14722, 171

---

[1]United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

F. App'x 823 (11th Cir. 2006).  The Court noted that on remand the district court should determine what sentence was reasonable after considering the guidelines as advisory and the 18 U.S.C. § 3553(a) factors, but that issues already or necessarily decided could not be reargued.[2]  Id. at 831 n.5.

On remand, Thompson argued that he did not possess a firearm for purposes of § 2D1.1(b)(1) and that such possession must be found by a jury.  The district court found by a preponderance of the evidence that Thompson possessed the gun and applied the firearm enhancement in calculating Thompson's advisory guidelines range of 360 months to life imprisonment.

Thompson also argued for a mandatory minimum 20-year sentence, below the advisory guidelines range, because: (1) his father had induced him to try crack and join the drug culture when Thompson was only thirteen years old; (2) his ailing mother and his children relied upon him; (3) his drug operation had been limited in scope; (4) he needed opportunities for rehabilitation; (5) other drug defendants and his co-conspirators had received lesser sentences; and (6) it would be unjust for him to spend such a significant portion of his life in jail.

---

[2]In his first appeal, with the exception of the Booker challenge to the firearm enhancement, Thompson did not challenge the district court's guidelines calculations.  Thus, the district court's application of the guidelines, with the exception of the firearm enhancement, is the law of the case. See United States v. Escobar-Urrego, 110 F.3d 1556, 1560-61 (11th Cir. 1997).

3

During the sentencing hearing, the district court commented that Thompson's extensive criminal history was serious. The district court noted that it had read the letters from Thompson's relatives requesting a lesser sentence. While acknowledging that the letter writers were good people, the district court questioned their conclusion that Thompson was a good person given his extensive criminal history. The district court stated that, based on Thompson's criminal record, it believed Thompson was not a good person, but a bad person who had "appeared before judge after judge after judge in [his] history." The district court also stated that, under the circumstances, a minimum sentence would not be appropriate, but wanted to hear what Thompson would say before choosing an appropriate sentence.

The district court then allowed Thompson to allocute. Thompson argued that, although he had done some bad things, he had not committed any violent crimes and did not believe that he deserved what amounted to almost a life sentence. Thompson expressed remorse for his crimes and stated that he had a good heart and believed that he could be rehabilitated. Thompson also asked for a lesser sentence because his mother was ill.

The district court acknowledged that it had heard Thompson and had come to the hearing with an open mind, but felt that a 480-month sentence was

appropriate after considering the advisory guidelines and the § 3553(a) factors. The district court stated that a 480-month sentence "meets the sentencing objectives of punishment, deterrence and incapacitation." Thompson filed this appeal.

## II. DISCUSSION

On appeal, Thompson contends that his sentence is unreasonable because the district court failed to consider properly at sentencing Thompson's arguments made in mitigation.

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a district court, in determining a reasonable sentence, must consider the correctly calculated advisory guidelines range and the § 3553(a) factors. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).[3] Although the district court must consider the § 3553(a) factors, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324,

---

[3]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the sentencing guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. See 18 U.S.C. § 3553(a).

5

1329 (11th Cir. 2005). Rather, an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. Id. at 1329-30.

We review a defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors. United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788.

During Thompson's sentencing hearing, the district court stated that it had considered the § 3553(a) factors and the advisory guidelines range. The district court specifically noted Thompson's extensive criminal history. The district court also listened to and acknowledged all of Thompson's arguments in mitigation of his sentence, including the fact that his father introduced him to drugs at an early age and that his co-defendants received lesser sentences. The district court was not required to address each fact in mitigation or to address explicitly each § 3553(a) factor. Given Thompson's extensive criminal history and the seriousness of his offenses, which included attempts to hide evidence after his arrest, we cannot say that the district court's 480-month sentences are unreasonable.

Thompson also argues that the district court's application of the firearm

6

enhancement violated his Sixth Amendment rights.  This argument is foreclosed by

United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005), in which we

concluded that Booker does not prohibit extra-verdict enhancements under an

advisory guidelines system.  Because Thompson was resentenced under an

advisory guidelines scheme, there was no Sixth Amendment violation.

**AFFIRMED**.